OPINION
{¶ 1} Plaintiff-appellant National City Bank, successor by merger to The First National Bank of Ashland, appeals from the August 21, 2002, Judgment Entry of the Ashland County Court of Common Pleas which sua sponte vacated a prior Judgment and Decree of Foreclosure and dismissed the action, without prejudice. Defendants-appellees are Charles B. Anderson and Celia Anderson, dba Mohican Party Shop.
 STATEMENT OF THE CASE AND FACTS {¶ 2} Appellees Charles B. Anderson and Celia Anderson, dba Mohican Party Shop, were the owners of residential real property and commercial real property in Loudonville, Ohio. Both properties were secured by mortgage deeds with First National Bank of Ashland, the predecessor in interest to appellant National City Bank.
 {¶ 3} When appellees defaulted on the mortgage, appellant filed a complaint for money damages and foreclosure in the Ashland County Common Pleas Court on July 2, 1998. Following settlement discussions, appellant filed a motion for summary judgment on the two notes and mortgages. The motion was not opposed, and by a Judgment Entry filed June 15, 1999, the court granted the motion. The trial court requested that appellant prepare a judgment entry. On December 6, 1999, an agreed Judgment Entry of Foreclosure was entered by the trial court.
 {¶ 4} On January 8, 2000, pursuant to the Decree of Foreclosure, appellant requested that an order of sale issue with respect to the subject properties. The first sheriff's sale was set for March 13, 2000, with respect to both the house and the commercial property. Three days before the sale, appellee Celia Anderson filed a Chapter 13 Bankruptcy proceeding, staying further execution of foreclosure. Appellant filed a motion for relief from the stay in the bankruptcy proceedings, with respect to the commercial property only. An agreed order for relief from the stay was entered by the bankruptcy court, clearing the way to proceed with a second foreclosure sale as to the commercial property. The stay with respect to the house remains in place.
 {¶ 5} On August 21, 2000, the trial court vacated its stay in the foreclosure as to the commercial property. The following day, an order for an alias sheriff's sale was issued to the sheriff with respect to this property, and a second sheriff's sale was set for October 23, 2000. On that date, the commercial equipment was sold, but the property did not sell due to a lack of bidders.
 {¶ 6} By letter dated April 24, 2001, the court administrator informed counsel for appellant that appellant had until May 15, 2001, to proceed with the case, or the action would be dismissed for lack of prosecution. Counsel responded by a letter dated May 15, 2001, faxed to the court administrator, informing the court of appellant's discussions with an auctioneer concerning a private sale of the property. By letter dated May 31, 2001, the court administrator advised that appellant's indefinite plans to conduct a private sale would not prevent dismissal of the case. On May 31, 2001, the trial court entered a Judgment Entry vacating the foreclosure judgment, and dismissing the complaint sua sponte. The trial court dismissed the complaint without prejudice.
 {¶ 7} Appellant appealed the trial court's dismissal. By opinion filed September 11, 2001, this Court held that a judgment of foreclosure is a final appealable order and that a trial court has no authority to vacate its decree of foreclosure sua sponte. National City Bank v. Charles B. Anderson (Sept. 11, 2001), Ashland App. No. 01-COA-01421 (National City Bank I) Therefore, this court vacated the trial court's Judgment Entry and reinstated the Decree of Foreclosure and complaint filed by appellant in the case. The matter was remanded to the trial court for further proceedings according to law.
 {¶ 8} Subsequent to remand, on July 9, 2002, the trial court notified appellant that appellant had thirty days to show good cause as to why the case should not be dismissed in the "interest of judicial comity." On August 21, 2002, and after response by appellant, the trial court entered an Order which vacated the December 6, 1999, Decree of Foreclosure, finding that good cause existed for the vacation pursuant to Civ.R. 60(B)(5). The trial court dismissed the action, without prejudice.
 {¶ 9} It is from the August 21, 2002, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 10} "The trial court erred in vacating, sua sponte, a final judgment for money and foreclosure and dismissing National City Bank's complaint."
 {¶ 11} This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11. 1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form." This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 12} A court has no authority to grant relief pursuant to Civ.R. 60(B) sua sponte. Sperry v. Hlutke (1984), 19 Ohio App.3d 156,483 N.E.2d 870, superceded by statute on other grounds. This court has repeatedly concluded that a judgment of foreclosure is a final appealable order and that a trial court has no authority to vacate its final order sua sponte. National City Bank v. Charles B. Anderson (Sept. 11, 2001), Ashland App. No. 01-COA-01421, 2001 WL 1769941(National City Bank I); Huntington Mort. Co. v. Kelly (Nov. 15, 2000) Ashland No. 00-COA-1351, 2000 WL 1724362; See Huntington Mortage Company v. Kelly (Aug. 6, 2001), Ashland App. No. 01-COA-01396, 2001 WL 1771071. The trial court has sua sponte vacated a final order of foreclosure pursuant to Civ.R. 60(B)(5). In that the trial court had no authority to do so, the assignment of error is sustained.
 {¶ 13} The August 21, 2002, Judgment Entry of the Ashland County Court of Common Pleas is vacated. The December 6, 1999, Decree of Foreclosure and the complaint filed by appellant in the instant case are hereby reinstated. This cause is remanded for further proceedings in accordance with the law.
By Edwards, J., Gwin, P.J. and Farmer, J. concur.